# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

SARAH G.,

        Plaintiff,

        v.

ANDREW SAUL,
Commissioner of
Social Security Administration,

        Defendant.

Case No. 2:18-cv-00256-JVB-APR

## OPINION AND ORDER

Plaintiff Sarah G. seeks judicial review of the Social Security Commissioner's decision denying her disability benefits and asks this Court to remand the case. For the reasons below, this Court affirms the Administrative Law Judge's decision.

**A. Overview of the Case**

Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI. In her application, Plaintiff alleged that she became disabled on May 25, 2015. (R. at 24.) After a hearing in 2017, the Administrative Law Judge ("ALJ") found that Plaintiff suffered from the severe impairments of degenerative disc disease of the cervical spine, with radiculopathy; left shoulder rotator cuff tear, status post repair; and carpal tunnel syndrome ("CTS"). (R. at 26.) The ALJ found that Plaintiff is capable of performing past relevant work as a restaurant manager. (R. at 32.) Therefore, the ALJ found her to be not disabled. (R. at 34.) This decision became final when the Appeals Council denied Plaintiff's request for review. (R. at 1.)

**B. Standard of Review**

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).

**C. Disability Standard**

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D. Analysis**

Plaintiff contends that the ALJ committed three reversible errors: the ALJ erred in weighing medical opinions, the ALJ's RFC determination was not supported by substantial evidence, and the ALJ erred in analyzing Plaintiff's subjective symptoms.

**(1) Medical Opinions**

Plaintiff argues that the ALJ erred in weighing the opinions of her treating physicians and the state agency doctors. A treating physician's opinion is to be given controlling weight because of the length and nature of the relationship unless the ALJ provides good reasons for setting aside that opinion. *Brown v. Colvin*, 845 F.3d 247, 252 (7th Cir. 2016). When a treating physician's opinion is not entitled to controlling weight, an ALJ must weigh it using such factors such as: the examining relationship; the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; supportability; consistency; specialization; and other factors. 20 C.F.R. §§ 404.1527(c)(1)–(6).

Plaintiff asserts the ALJ failed to analyze the regulatory factors when weighing the opinions of Dr. Spense, Dr. Reddy, Dr. Shahbandar, and her physical therapist.

The ALJ gave Dr. Spense's opinion very little weight, finding that his opinion that Plaintiff was permanently disabled was inconsistent with his own treatment notes. The ALJ also noted that "a conclusory statement as to disability" is an issue reserved for the Commissioner. (R. at 31.)

This is correct. A finding of disability or inability to work is not a medical opinion and is reserved for the Commissioner. 20 C.F.R. § 404.1527(d). Where there are no functional limitations, there is nothing to weigh. While Dr. Spense listed Plaintiff's subjective complaints

and history of treatment, he provided no real analysis, nor did he provide any functional limitations to weigh. As such, the ALJ properly afforded his opinion very little weight.

Similarly, the ALJ gave very little weight to Dr. Shahbandar's opinion. Dr. Shabandar also opined that Plaintiff was totally disabled yet provided no functional limitations or narrative regarding Plaintiff's abilities. The ALJ properly afforded this opinion very little weight.

The ALJ also gave very little weight to the opinion of treating physician Dr. Reddy. (R. at 31.) The ALJ stated that Dr. Reddy's opinions were "extreme in nature and go unsupported by the claimant's objective clinical record." (*Id.*) The ALJ noted that the opinion was inconsistent with the objective record, which indicates "only minor deficits at best." (*Id.*) Plaintiff asserts that this observation by the ALJ is playing doctor and cherry picking the evidence. The only evidence Plaintiff uses to support this argument is that Plaintiff underwent decompression surgery, had carpal tunnel release on both her hands, and regularly attended physical therapy, which she contends are more than "minor deficits."

The ALJ exhaustively analyzed of Plaintiff's medical records in the pages prior to his analysis of Dr. Reddy's opinion. The ALJ notes that in June 2015, after her fall on her alleged onset date, Plaintiff's only abnormality was a decreased range of motion in her neck. (R. at 28.) Later imaging showed an "essentially normal" spine with mild degenerative changes. (R. at 29.) A June 2015 clinical report noted that Plaintiff's limitations were due to poor effort on her part, and that Plaintiff "appears to demonstrate symptom magnification." (*Id.*) The ALJ further discusses clinical notes where Plaintiff showed no motor or sensory deficit. (*Id.*) The ALJ continued to note that, although Plaintiff had an upcoming left shoulder cuff repair surgery, she continued to show good range of motion in all her major joints and no tenderness. (*Id.*) At the functional capacity evaluation, the examining clinician noted that Plaintiff displayed effort

4

discrepancies, self-limiting behaviors, sub-maximal effort, inconsistencies in grip testing, and that the test results did not represent Plaintiff's full physical abilities. (*Id.*)

After Plaintiff's shoulder repair in September 2016, her follow up examinations noted tenderness, weakness, and decreased range of motion to her shoulder and hands. However, Plaintiff showed improvement following rehabilitation and physical therapy. By May 2017, Plaintiff's exams showed that, although she had limited cervical range of motion, she had full range of motion in her extremities and a decreased strength of 4/5 with wrist flexion and extension to the left. (R. at 602.) This evidence supports the ALJ's decision to give Dr. Reddy's opinion little weight, as this objective evidence does not support Dr. Reddy's far more limiting opinion.

Plaintiff further contends that the ALJ failed to take her rotator cuff surgery and carpal tunnel decompression surgery into consideration. However, the ALJ noted that Plaintiff's symptoms did not continue after surgical repair. (R. at 29–30.) Plaintiff fails to point to any medical evidence that contradicts the ALJ's decision. The ALJ properly supported his decision with substantial evidence and built a logical bridge from the evidence to his conclusion.

Finally, Plaintiff takes issue with the ALJ affording weight to the state agency consultant, Dr. Brill. The ALJ gave Dr. Brill significant weight, finding his opinions consistent with the record. (R. at 31.) However, the ALJ noted that Plaintiff's left shoulder limitations and bilateral carpal tunnel syndrome required further limitations for reaching and handling. (*Id.*) The ALJ went on to note that the objective clinical record showed little abnormality outside of minimal grip and motor loss based on subjective complaints, and therefore Dr. Brill's overall opinions would be given great deference. (*Id.*) Plaintiff asserts that this amounts to playing doctor and requires remand. However, the ALJ properly supported his decision with substantial evidence.

The ALJ noted that much of the evidence regarding Plaintiff's ability to reach and handle/finger consists of "subjective complaints of grip and motor loss transcribed into the objective record." (*Id.*) The ALJ dismissed Plaintiff's subjective complaints as being inconsistent with the record. Therefore, the ALJ has not played doctor in finding that Plaintiff's rotator cuff tear and carpal tunnel syndrome do not require further limitations in the RFC.

### (2) RFC Determination

Plaintiff asserts that the ALJ erred in the RFC determination. The ALJ is required to explain why functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence. SSR 96-8p, 1996 SSR LEXIS 5. Plaintiff contends that the ALJ plays doctor and cherry picks the evidence. To support this claim, Plaintiff points to large portions of evidence which she argues were ignored or misstated by the ALJ. Plaintiff asserts that the ALJ should have limited Plaintiff to occasional reaching, handling, and fingering.

The ALJ discussed and analyzed medical evidence regarding Plaintiff's limitations in reaching, handling, and fingering. The ALJ noted that Plaintiff complained of neck pain, left shoulder pain, spinal tenderness, decreased range of motion of the neck, 4/5 motor strength in her left hand, a was given a restriction to lifting no more than 20 pounds prior to her alleged onset date. (R. at 28, 394–95.) At an examination in April 2015, the doctor noted swelling of the left shoulder with decreased range of motion, along with back and neck pain. (*Id.*) However, the ALJ notes that these symptoms existed prior to the alleged onset date. The ALJ found that Plaintiff's symptoms prior to her fall are objectively similar to those documented after her alleged onset date. (R. at 28.) Therefore, the ALJ determined that Plaintiff's ability to work remained unchanged after her fall.

The ALJ notes that her carpal tunnel syndrome pain and subsequent release surgery are the only new symptom and treatment after her alleged onset date. (R at 28.) The ALJ discusses clinical exams and reports showing no greater deficits after the alleged onset date than prior to the alleged onset date. (R. at 29.) Further, the ALJ properly dismisses her subjective complaints, as discussed below. (*Id.*)

Plaintiff takes particular issue with the fact that the ALJ found that "decrease of sensory and motor to the upper extremities (with retention of at least 4/5)" was noted without specifying the testing used to measure sensory and motor. (R. at 29.) The ALJ stated that it is therefore possible that the deficits were based on subjective complaints or responses from Plaintiff rather than objective evidence. (*Id.*) This, however, was not the sole basis for negating Plaintiff's decrease in sensory and motor to the upper extremities. The ALJ goes on to find that following her shoulder cuff repair, she was found to display the same decreased grip and motor strength (retention of 4/5) but retained intact sensory to the bilateral hands. (R. at 30.) As the ALJ noted earlier in his decision, Plaintiff's reduced grip strength of 4/5 in the left hand existed prior to her alleged onset date and is not evidence of a decline in Plaintiff's health.

The ALJ does misstate the record in finding that a treatment note for Plaintiff's rectal bleeding failed to mention any signs of back, neck or shoulder pain. However, this is not the only area where the objective record supported a finding that Plaintiff did not require greater limitations than given in the RFC. The ALJ overall supported his decision with substantial evidence and built a logical bridge from the evidence to his conclusion. Plaintiff is asking this Court to reweigh evidence, which it cannot do. While Plaintiff may not agree with the ALJ's decision, the Court will not reweigh the evidence when the ALJ's decision is properly supported.

### (3) Subjective Symptoms

Plaintiff contends that the ALJ erred in the subjective symptom analysis. An ALJ's subjective symptom analysis will be afforded "considerable deference" and will be overturned only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (citations omitted). In addressing Plaintiff's subjective symptoms, the ALJ must consider all the evidence in the record. 20 C.F.R. § 404.1529(c)(3). Specifically, the ALJ is directed to consider the following factors:

(i) daily activities;

(ii) the location, duration, frequency, and intensity of the symptoms;

(iii) precipitating and aggravating factors;

(iv) the type, dosage, effectiveness, and side effects of any medication taken;

(v) other treatment received for relief of symptoms;

(vi) any measures used to alleviate symptoms; and

(vii) other factors concerning limitations and restrictions due to symptoms

20 C.F.R. §§ 404.1529(c)(3)(i)–(vii).

The Plaintiff argues that the ALJ performs almost no analysis of her subjective complaints. This is an inaccurate reading of the ALJ's decision. The ALJ discusses Plaintiff's complaints and contrasts them with the objective medical evidence and the treatments used. (R. at 28-30.) The ALJ then finds that Plaintiff's symptoms are inconsistent with the medical evidence. Moreover, the ALJ notes that clinicians noted that Plaintiff put forth poor effort, displayed self limiting behaviors and inconsistencies in grip testing, and demonstrated symptom magnification in both 2015 and 2016. (R. at 29.) The functional capacity evaluation in 2016 noted that test results "suggest unreliable functional pain/rating." (*Id.*).

Plaintiff argues that the ALJ should have discussed her extensive treatment, her limited daily activities, and her medication side effects. The ALJ did discuss Plaintiff's treatment with surgeries and physical therapy, and found that Plaintiff's symptoms remained virtually unchanged since before the alleged onset date. Moreover, the notes from physical therapy and treatment notes indicated that Plaintiff was not as limited as alleged.

While the ALJ did not discuss daily activities or medication side effects, Plaintiff does not claim that these factors were at issue. Plaintiff does not complain of drowsiness caused by medication outside of once at the hearing. (R. at 79.) While Plaintiff points to medical records showing that she suffered from stomach pain while taking medications, those same records show that the medications were stopped that same visit after Plaintiff's complaints. (R. at 467.) Other records simply discuss that Plaintiff used to be on medication which upset her stomach, but she has since switched medications. (R. at 549, 552.) The remainder of the records to which Plaintiff cites do not discuss side effects of current medications at all. (R. 603, 607.) Plaintiff has failed to show that the ALJ should have discussed Plaintiff's side effects from medication or her activities of daily living.

Plaintiff also does not allege that she is limited in her activities of daily living in her brief, and she only briefly discussed them at the hearing. Plaintiff does not point to any evidence in the record where she reports difficulty with daily activities. "If there is no information in the evidence of record regarding one of the factors, [the ALJ] will not discuss that specific factor in the determination or decision because it is not relevant to the case." SSR 16-3p, SSR LEXIS 4 at *19, 2016. Therefore, the ALJ properly discussed the relevant factors in SSR 16-3p in finding Plaintiff's subjective symptoms to not be as limiting as alleged.

**(E) Conclusion**

The ALJ did not err in weighing medical opinions, determining the RFC, or analyzing Plaintiff's subjective symptoms. For these reasons, the Court affirms the ALJ's decision.

SO ORDRERED on July 31, 2019.

                                                                           s/ Joseph S. Van Bokkelen  
                                                                           JOSEPH S. VAN BOKKELEN  
                                                                           UNITED STATES DISTRICT JUDGE